**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN J. RUEGG, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>AUTOBAY LLC A/K/A AUTOVILLE; WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; CHOICE AUTO PROTECTION, LLC; and JOHN DOES 1-25<br><br>Defendant(s). | Civil Case Number:<br>1:26-cv 07497(CPO)(SAK)<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**[1] |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

STEVEN RUEGG
8 Birchwood CT
Wolcott, Connecticut 06716

AUTOBAY LLC A/K/A AUTOVILLE
4436 Route 130 N
Burlington, NJ 08016

WELLS FARGO & COMPANY
333 Market Street
San Francisco, California 94105

WELLS FARGO BANK, N.A
333 Market Street
San Francisco, California 94105

[1] Pursuant to this Court's July 8, 2026 Order to Show Cause. [ECF No. 9, p.2]

CHOICE AUTO PROTECTION, LLC
220 Commerce Ct.
Elkhorn, Wisconsin 53121

## PRELIMINARY STATEMENT

2. Defendant AUTOBAY LLC A/K/A AUTOVILLE ("Auto Bay") fraudulently sold Plaintiff, STEVEN RUEGG ("Steve" or "Plaintiff"), and Defendant CHOICE AUTO PROTECTION, LLC ("CAP") accepted, a $6,273.00 warranty for a used motor vehicle (the "Subject Vehicle") (financed for $152,966.88 by Wells Fargo Auto ["Wells Fargo Auto"], a division of Defendant WELLS FARGO BANK, N.A. ["Wells Fargo Bank") which, in turn, is a subsidiary of Defendant, WELLS FARGO & COMPANY) ["Wells Fargo & Company"][collectively "Wells Fargo"]), that never should have been sold to Plaintiff, or accepted by CAP, because AUTOBAY and CAP knew, or should have known, the Subject Vehicle was not covered by the warranty to begin with.

3. In addition to the cost of the fraudulent $6,273.00 warranty, Plaintiff was further, and substantially, financially damaged when the Subject Vehicle had catastrophic engine failure while Plaintiff was operating it, and CAP disclaimed coverage for the warranty that Plaintiff not only paid for, but CAP accepted. To that end, Plaintiff is now not only on the hook for the over $90,000.00 cost of parts and labor to fix the Subject Vehicle plus corresponding motor vehicle insurance premiums and monthly payments to WELLS FARGO for the Subject Vehicle he cannot operate but he had to purchase, and finance, a different motor vehicle (along with corresponding motor vehicle insurance) to avoid any interruption in his day-to-day professional, and personal, obligations.

4. Accordingly, Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, AUTOBAY, WELLS FARGO, CAP and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated numerous New Jersey state laws including N.J.S.A. 56:8-1 *et seq.*, the Consumer Fraud Act ("CFA"); the Retail Installment Sales Act, N.J.S.A. 17:16C-1, *et seq.* ("RISA"); and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18 ("TCCWNA").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity amongst the parties and Plaintiff's claim is above $75,000. In addition, this Court has supplemental jurisdiction over Plaintiff's CFA, RISA and TCCWNA claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district under 28 U.S.C. §1391(b) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

## PARTIES

7. Plaintiff is a natural person, and a resident of the State of Connecticut.

8. Defendant, AUTOBAY, is a domestic limited liability company ("LLC") which maintains a location at 4436 Route 130 N, Burlington, New Jersey 08016 which is located in Burlington County.

9. Upon information and belief, AUTOBAY also maintains a business address at 10 Rosewood Terrace, Hamilton Township, New Jersey 08620.

10. Upon information and belief, Defendant, AUTOBAY has two members of its LLC: Maurice S. Rached ("Maurice") and Safwan M. Rached ("Safwan") who are also, respectively, the Managing Partner, and Partner.[2]

11. Upon information and belief, Maurice resides at 10 Rosewood Terrace, Hamilton Township, New Jersey 08620.

12. Upon information and belief, Safwan resides at 10 Rosewood Terrace, Hamilton Township, New Jersey 08620.

13. Defendant, WELLS FARGO BANK, is a nationally charted bank as well as a subsidiary of WELLS FARGO & COMPANY, with its principal place of business at 333 Market Street, San Francisco, California 94105.

14. Defendant, WELLS FARGO & COMPANY, is the parent holding company of WELLS FARGO BANK, with its principal place of business at 333 Market Street, San Francisco, California 94105.

15. Defendant, CAP, is a foreign limited liability company with its principal place of business at 220 Commerce Ct, Elkhorn, Wisconsin 53121.

16. Upon information and belief, Defendant CAP has two members of their LLC: Spencer Walters ("Spencer") and Michael Barkas ("Michael") who are, respectively, the Chief Executive Officer, and Chief Revenue Officer.[3]

17. Upon information and belief, Spencer resides at 2129 Linn Road, Delavan, Wisconsin 53115.

---

[2] https://www.autobay.com/about-us/ (*last visited* July 10, 2026)

[3] https://choiceautoprotection.com/our-exective-team (*last visited* July 10, 2026.

18. Upon information and belief, Michael resides at 437 Ashley Drive, Williams Bay, Wisconsin 53191.

19. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants sold CAP warranties for motor vehicles as described in this Complaint.

21. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sold CAP warranties for motor vehicles which included the alleged conduct and practices described herein.
>
> The Class period begins six years to the filing of this Action.
>
> The Class definition may be subsequently modified or refined.

22. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in

New Jersey who Defendants violated specific provisions of the CFA, RISA and TCCWNA.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the CFA, RISA and TCCWNA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff’s claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

23. A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

24. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

25. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

26. On August 28, 2025, Plaintiff purchased the Subject Vehicle at AUTOBAY through AUTOBAY's retail installment contract.

27. Plaintiff's purchase of the subject was primarily for personal, family, or household purposes.

28. As set forth in the AUTOBAY contract, Plaintiff financed his payments for the Subject Vehicle through WELLS FARGO for a total cost of $152,966.88.

29. The AUTOBAY contract states the following in, relevant part, which applies to WELLS FARGO:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

30. Plaintiff's financing of the Subject Vehicle through WELLS FARGO included a $6,273.00 fee for a CAP service contract/warranty called "Choice Auto Protection Plus".

31. Accordingly, on August 28, 2025, and in addition to the AUTOBAY contract, Plaintiff executed an agreement for the CAP warranty.

32. The CAP warranty was purchased by Plaintiff, and accepted by CAP, to cover certain potential damage or maintenance for the Subject Vehicle.

33. AUTOBAY financially benefited from its sale of the CAP warranty to Plaintiff.

34. WELLS FARGO financially benefited from AUTOBAY's sale of the CAP WARRANTY to Plaintiff.

35. CAP financially benefited from AUTOBAY's sale of CAP warranty to Plaintiff.

36. As part of Plaintiff's purchase of the Subject Vehicle, he also purchased motor vehicle insurance through GEICO at a semi-annual premium of $1,337.00.

37. On May 9, 2026, while Plaintiff was operating the Subject Vehicle near Wolcott, Connecticut (where he resides), he suddenly heard a loud bang from the engine compartment (the "Engine Incident"). Within moments, the Subject Vehicle began producing a significant amount of smoke. He immediately pulled over, turned off the Subject Vehicle, exited the Subject Vehicle, and called 911.

38. The Engine Incident did not involve a motor vehicle accident, collision, impact, racing activity, or other unusual event associated with the engine failure.

39. The Engine Incident forced Plaintiff to have the Subject Vehicle towed (at a cost of $507.19) to Audi Fairfield in Fairfield, Connecticut where it was diagnosed with a catastrophic engine failure.

40. At Audi Fairfield, Plaintiff paid $586.19 for it to inspect and diagnose the Subject Vehicle as well as tow it to Waterbury, Connecticut as Plaintiff could no longer keep the Subject Vehicle at Audi Fairfield without service being done to it.

41. At the time of the Engine Incident, Plaintiff had timely made all his monthly payments (which included payments towards the CAP warranty) to WELLS FARGO for the Subject Vehicle. In other words, at the time of the Engine Incident, he was not in default of any payments to WELLS FARGO, and the CAP warranty was in effect.

42. At the time of the Engine Incident, Plaintiff had timely made all his premium payments to GEICO for the Subject Vehicle.

43. Accordingly, soon thereafter, Plaintiff timely filed a claim concerning damage to the Subject Vehicle with CAP pursuant to the CAP warranty: he purchased for the Subject Vehicle from AUTOBAY, accepted by CAP, and financed through WELLS FARGO.

44. The estimate that Plaintiff received for parts and labor to fix the damage to the Subject Vehicle from the Engine Incident was more than $90,000.00.

45. To Plaintiff's shock and dismay, CAP disclaimed coverage for the approximately $90,000 damage claim despite the fact that in August 2025 it had accepted the warranty, and Plaintiff had paid for the warranty.

46. CAP's justification for disclaiming coverage of the warranty for the approximately $90,000 damage claim, which strains credulity, was that the Subject Vehicle was not covered by the warranty when Plaintiff purchased it, and CAP accepted it, in the first place in August 2025.

47. Plaintiff is unable to drive the Subject Vehicle due to the massive amount of money he would have to pay out of pocket for parts and labor to fix it due to the Engine Incident.

48. Plaintiff is also making monthly payments to WELLS FARGO (along with corresponding motor vehicle insurance) on the Subject Vehicle, including the CAP, for a motor vehicle he cannot operate due to the denied claim.

49. Due to the fact that the Subject Vehicle is inoperable, Plaintiff had to not only purchase (and finance through FD Community Federal Credit Union for total payments of $18,742.17) a different vehicle but also pay for corresponding motor vehicle (also through GEICO costing $540.63) insurance.

## **<u>POLICIES AND PRACTICES COMPLAINED OF</u>**

50. It is Defendants' policy and practice to sell CAP warranties for motor vehicles, which violate the CFA, RISA, and TCCWNA, by *inter alia*:

(a) Using a commercial practice that is unconscionable, abusive, deceptive, fraudulent, false pretenses, false promises, misrepresentations, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission in connect with the sale of warranties for motor vehicles;

(b) Charging, contracting for, or receiving unauthorized charges; and

(c) Offering to any consumer or prospective consumer or entering into any written consumer contract or giving or displaying any written consumer warranty, notice or signing which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

51. Defendants have sold CAP warranties for motor vehicles to at least 50 natural persons in the State of New Jersey within six years of this Complaint.

## CLASS ACTION CLAIMS

### FIRST COUNT
### (Violations of CFA, N.J.S.A. 56:8-2)

52. Plaintiff, on behalf of himself and all others similarly situated, re-assert and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

53. Plaintiff is a "person" pursuant to CFA, N.J.S.A. 56:8-1(d).

54. The CAP warranty is "merchandise" pursuant CFA, N.J.S.A. 56:8-1(c).

55. The sale of the CAP warranty by AUTOBAY and/or CAP is a "sale" pursuant CFA, N.J.S.A. 56:8-1(d).

56. CFA, N.J.S.A. 56:8-2 states, in relevant part:

> "The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice…"

57. By selling Plaintiff the CAP warranty for the Subject Vehicle which did not cover the Subject Vehicle to begin with, Defendants violated CFA, N.J.S.A. 56:8-2.

58. Plaintiff and all putative members of the Class suffered an ascertainable loss in the amount of all costs and payments concerning the sale of a CAP, and corresponding use of the Subject Vehicle, which did not cover the Subject Vehicle to begin with pursuant to CFA, N.J.S.A 56:8-19.

**<u>SECOND COUNT</u>**
**(Violations of TCCWNA, N.J.S.A. 56:12 *et seq.* based on CFA, N.J.S.A. 56:8-2 *et seq.*)**

59. Plaintiff, on behalf of himself and all others similarly situated, re-assert and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

60. The AUTOBAY retail installment contract signed by Plaintiff is a "consumer contract" pursuant to TCCWNA, N.J.S.A. 56:12-1.

61. The CAP "Choice Auto Protection Plus" agreement signed by Plaintiff is a "consumer contract" pursuant to TCCWNA, N.J.S.A. 56:12-1.

62. Plaintiff is a "consumer" pursuant to TCCWNA, N.J.S.A. 56:12-15

63. TCCWNA, N.J.S.A. 56:12-15 states, in relevant part:

> "No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed…"

64. By providing Plaintiff the AUTOBAY contract for a warranty which did not cover the Subject Vehicle to begin with (in violation of CFA N.J.S.A. 56:8-2), Defendants violated TCCWNA, N.J.S.A. 56:12-15.

65. By providing Plaintiff the CAP agreement for a warranty which did not cover the Subject Vehicle to begin with (in violation of CFA N.J.S.A. 56:8-2), Defendants violated TCCWNA, N.J.S.A. 56:12-15

66. Plaintiff and all putative members of the Class are "aggrieved consumers" concerning the amount of all costs and payments concerning the sale of a CAP warranty, and

corresponding use of the Subject Vehicle, which did not cover the Subject Vehicle to begin with pursuant to TCCWNA, N.J.S.A. 56:12-17

## THIRD COUNT
**(Violations of TCCWNA, N.J.S.A. 56:12 *et seq.* based on RISA, N.J.S.A. 17:16C-1, *et seq.*)**

67. Plaintiff, on behalf of himself and all others similarly situated, re-assert and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

68. The AUTOBAY contract signed by Plaintiff is a “retail installment contract” pursuant to RISA, 17:16C-1(b).

69. AUTOBAY is a “retail seller” pursuant to pursuant to RISA, 17:16C-1(c).

70. CAP is a “retail seller” pursuant to pursuant to RISA, 17:16C-1(c).

71. Plaintiff is a “retail buyer” pursuant to RISA, 17:16C-1(d).

72. Plaintiff is a “person” pursuant to RISA, 17:16C-1(e).

73. “WELLS FARGO” is a “sales finance company” pursuant to RISA, 17:16C-1(f).

74. “WELLS FARGO” is a “holder” pursuant to RISA, 17:16C-1(m).

75. The AUTOBAY contract signed by Plaintiff which contained the CAP warranty included a “service” pursuant to RISA, 17:16C-1(s).

76. TCCWNA, N.J.S.A. 56:12-15 states, in relevant part:

> “No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed…”

77. RISA, N.J.S.A. 17:16C-54 states the following, in relevant part:

> "Whenever, in any retail installment contract or retail charge account under this act, the retail seller, sales finance company or holder has knowingly charged, contracted for or received from the retail buyer any costs or charges not authorized by this act, all costs and charges in connection with such contract or account, other than for insurance authorized by this act, shall be void and unenforceable, and any such costs or charges other than for insurance authorized by this act shall be applied to the unpaid balance or, if the account has been fully paid, remitted to the retail buyer, and the retail buyer shall be entitled to recover all such costs or charges…"

78. By providing Plaintiff the AUTOBAY contract for a warranty for the Subject Vehicle, wherein Plaintiff paid for such warranty in violation of RISA, N.J.S.A. 17:16C-54, which did not cover the Subject Vehicle to begin with, Defendants violated TCCWNA, N.J.S.A. 56:12-15.

79. Plaintiff and all putative members of the Class are "aggrieved consumers" concerning the amount of all costs and payments concerning the sale of CAP warranty, and corresponding use of the Subject Vehicle, which did not cover the Subject Vehicle to begin with pursuant to TCCWNA, N.J.S.A. 56:12-17

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages pursuant to TCCWNA at N.J.S.A. 56:12-17;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding Plaintiff treble damages pursuant to CFA at N.J.S.A. 56:8-19;

(e) Awarding pre-judgment interest;

(f) Awarding post-judgment interest.

(g) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses pursuant to CFA at N.J.S.A. 56:8-19 and TCCWNA at N.J.S.A. 56:12-17; and

(h) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: July 10, 2026

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jjones@whitefordlaw.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@whitefordlaw.com
WHITEFORD TAYLOR & PRESTON, LLP
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
*Attorneys for Plaintiff*